UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DIVISION

| | |
|---|---|
| BRADLEY GRAUPNER, *Plaintiff* § § § | |
| v. § | No. 1:25-cv-00360-ADA-DH |
| § § | |
| DOMINIQUE STAFFORD, ADRIANA ALICEA-RODRIGUEZ, *Defendants* § § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE

Before the Court are Defendants Dominique Stafford and Adriana Alicea-Rodriguez's ("Defendants") motions to dismiss, Dkts. 11; 18, and all related briefing. After reviewing these filings and the relevant case law, the undersigned recommends that the District Judge deny Defendants' motion to dismiss, Dkt. 11, as moot and grant Defendants' amended motion to dismiss, Dkt. 18.

### I.   BACKGROUND

Plaintiff Bradley Graupner is a graduate student at the University of Texas at Austin ("UT"). Dkt. 17, at 2. Following a dispute between Graupner and his then-wife, Carola Salvi, Salvi filed a complaint with UT's Title IX Office. *Id.* at 3. Salvi alleged that Graupner had assaulted her and thereby violated Title IX and university rules as promulgated in UT's Handbook of Operating Procedures ("HOP") 3-3031. *Id.* at 2. Graupner alleges that because the domestic dispute occurred off-campus and

1

independently of any university activity, the university lacked jurisdiction over the complaint. *See id.* at 3-4.

UT assigned Stafford, an employee in the university's Title IX office, to investigate the complaint. *Id.* at 4. Graupner alleges that Stafford's investigation was "superficial" and biased. *Id.* at 4 (stating that Stafford's investigation "was conducted with the goal and purpose of finding a basis to prosecute plaintiff … and not for the purpose of arriving at the actual truth"). Stafford proposed amending Salvi's complaint to add allegations of stalking and rape, which Graupner contends were baseless and outside the university's jurisdiction. *Id.* at 5 (arguing that the "alleged 'rape' consisted of nothing more than allegations that Plaintiff was persistent in seeking sexual relations with his wife"). Alicea-Rodriguez, UT's Title IX coordinator, approved the amendments and filed the formal complaints. *Id.* at 6. Graupner alleges that Alicea-Rodriguez did so "with full knowledge of the absence of [any] jurisdictional basis." *Id.*

Graupner's claim is essentially that Defendants violated his due-process rights by carrying on with the proceedings when they knew the university lacked jurisdiction over the case. *See id.* at 6-7. Graupner emphasizes that Defendants, through UT, lacked jurisdiction over the events alleged in Salvi's complaint for the entirety of the proceedings. *Id.* He claims that by "largely ignor[ing]" Graupner's objections to jurisdiction and eventually denying Graupner's motion to dismiss "on jurisdictional grounds"—forcing Graupner to defend himself in a final hearing on the matter—Defendants deprived Graupner of his due-process rights. *See id.* at 6-7.

As Graupner notes, those proceedings resolved in Graupner's favor, "principally on the basis that there was no jurisdictional basis under HOP 3-3031 for the claims being made." *Id.* at 6. While Graupner points out that "possible sanctions" for HOP 3-3031 violations include expulsion, he does not allege that he was sanctioned in any way. *Id.* at 6-7. Instead, he states that he "suffered mental anguish," experienced "a loss of income due to delay in the progress toward his degree and his future in academia," and "incurred attorney fees." *Id.* at 7.

Based on these allegations, Graupner brings this section 1983 suit for violation of his due-process rights under the Fourteenth Amendment. *Id.* at 7. It is unclear from the complaint whether Graupner alleges a procedural or substantive due-process claim. *See id.*; *but see* Dkt. 21, at 3 (stating, in his response to the motion to dismiss, that Graupner "has filed suit against [Defendants] under 42 U.S.C. § 1983 for violation of his procedural due process rights"). Defendants move to dismiss on the grounds that Graupner lacks standing, Graupner has failed to state a claim upon which relief can be granted, and Defendants are entitled to qualified immunity. Dkt. 18, at 5-17.[1]

## II.   LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a

---

[1] After Defendants filed their original motion to dismiss, Dkt. 11, Graupner amended his complaint, Dkt. 17. Defendants then filed an amended motion to dismiss, Dkt. 18. The undersigned will recommend that the District Judge deny Defendants' original motion to dismiss, Dkt. 11, as moot without prejudice. *See Reyna v. Deutsche Bank Nat'l Trust Co.*, 892 F. Supp. 2d 829, 834 (W.D. Tex. 2012) (denying as moot without prejudice a motion to dismiss in light of the plaintiff's amended complaint).

12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her

4

claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey*, 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III.   DISCUSSION

"The first inquiry in every due process challenge—whether procedural or substantive—is whether the plaintiff has been deprived of a protected interest in property or liberty." *Edionwe v. Bailey*, 860 F.3d 287, 292 (5th Cir. 2017). Because Graupner has not been deprived of a protected interest in property or liberty, the undersigned finds that he fails to state any due-process claim.

First, assuming that Graupner has a protected interest in his continued enrollment as a graduate student at UT,[2] he makes no allegations that he was deprived of that right. *See* Dkts. 1, at 4 (asserting that Graupner "had a property interest in his position as a graduate student at UT"); 21, at 4-5 (arguing that Graupner has a protected interest in continued education). As Graupner admits, he prevailed in the university proceedings and "the complaints were disposed in his favor." Dkt. 17, at 6. While sanctions for HOP-3031 violations *could have* included

---

[2] *See, e.g.*, *Hodges v. Univ. of Tex. Sw. Med. Sch.*, No. 3:22-CV-2583-K, 2023 WL 6389426, at *6, *10 (N.D. Tex. Sep. 29, 2023) (noting that courts have assumed without deciding that a student has a protected interest in higher education at a public university and listing cases); *Plummer v. Univ. of Hous.*, 860 F.3d 767, 773 (5th Cir. 2017) (concluding that plaintiffs had a liberty interest in their higher education).

5

expulsion, Graupner does not allege that he was expelled or that UT imposed any other sanctions on him. *Id.* at 6-7. Therefore, Graupner fails to demonstrate any deprivation of a right to continued enrollment in the graduate program.

Graupner also alleges a protected interest on the basis that he "was prosecuted in bad faith by the defendants with full knowledge that there was no jurisdiction to do so[.]" Dkt. 21, at 6; *see also* Dkt. 17, at 7. Importantly, Graupner does not allege that he was deprived of any particular procedural safeguard during the proceedings. *See* Dkt. 17. Rather, Graupner's allegations show that he received "meaningful opportunities to challenge the University's allegations, evidence, and findings," which resulted in a resolution favorable to him. *See* Dkt. 17, at 6 (noting that Graupner filed a motion to dismiss for lack of jurisdiction and received a hearing on the complaints); *Plummer v. Univ. of Hous.*, 860 F.3d 767, 774 (5th Cir. 2017) (analyzing process due in university disciplinary proceedings).

Graupner identifies no authority supporting the proposition that he has a protected interest in the impartiality of university-affiliated disciplinary investigators, and the undersigned finds none. Courts in this Circuit have concluded that "a student is entitled to a neutral decision-maker free from bias." *Pham v. Univ. of La. Monroe*, 194 F. Supp. 3d 534, 544 (W.D. La. 2016). The court in *Pham* acknowledged this entitlement in describing the procedures due process requires. *Id.* But to the extent the right to a neutral decision-maker could be a protected interest standing alone, Graupner does not argue that any decision-maker regarding the merits of his case was biased. According to Graupner's complaint, Stafford is an

investigator in the university's Title IX office and Alicea-Rodriguez is a Title IX coordinator. Dkt. 17, at 4, 6. Pursuant to HOP 3-3031, Graupner's hearing was conducted by a hearing officer distinct from the investigator or other Title IX officer. *Id.* at 26 (describing the investigation process), 27-28 (describing the live hearing, where the university representative may present information and witnesses to the hearing officer), 31 (stating that any appellate officer must not be the same as the Title IX coordinator, investigator, or hearing officer). Graupner makes no allegations that the hearing officer was biased in any way as a decision-maker on the ultimate merits of his case.

Further, the Fifth Circuit has emphasized that a "university is not a court of law" and it is "not the role of federal courts to set aside decisions of school administrators which the court may view as lacking in wisdom or compassion." *Plummer*, 860 F.3d at 772-73 (internal quotation marks omitted). It is not this Court's role to delve into the decision by UT's Title IX office to investigate the claims in Salvi's complaint or add new claims. Rather, "courts must focus on ensuring the presence of fundamentally fair procedures to determine whether the misconduct has occurred." *Id.* at 773 (internal quotation marks omitted). Graupner does not identify any unfair procedures here.

Moreover, even if Graupner could identify a protected interest in Defendants' impartiality, Graupner's allegations as to Defendants' bad faith are conclusory. *See Iqbal*, 556 U.S. at 678. Therefore, he cannot show that he was deprived of any such interest. For example, Graupner asserts that Defendants "largely ignored [his]

7

objections to jurisdiction," yet in that same sentence admits that adjudicators considered a motion to dismiss on jurisdictional grounds. Dkt. 17, at 6. Graupner also alleges that Defendants proceeded "[w]ith full knowledge" of the lack of jurisdiction, but he provides no facts supporting the allegation that Defendants knew the university lacked jurisdiction over the case. *Id.* at 4-5. Nor does Graupner's assertion that Stafford's investigation demonstrated the lack of jurisdiction help him. *See* Dkt. 17, at 4. Graupner's contention that the investigation did not meet "threshold jurisdictional requirements" says nothing about Stafford's own interpretation of the jurisdictional facts. *See id.*; *see also id.* at 5 (stating that Stafford amended the complaint to add the alleged rape even though, in Graupner's opinion, the university lacked jurisdiction). These unsupported allegations as to Defendants' bias or bad faith do not raise Graupner's right to relief above the speculative level. *See Cuvillier*, 503 F.3d at 401.

Because Graupner fails to show that he was deprived of a protected interest in property or liberty, the undersigned finds that Graupner fails to state a due-process claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *see Edionwe*, 860 F.3d at 292. Therefore, the undersigned recommends that the District Judge grant Defendants' motion to dismiss, Dkt. 18.

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** Defendants' motion, Dkt. 18, and dismiss Graupner's suit with prejudice.

The undersigned **FURTHER RECOMMENDS** that the District Judge **DENY** Defendants' motion to dismiss, Dkt. 11, as **MOOT**.

## V.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED September 24, 2025.

---
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE